## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

RACHELE ANN COLANTUONO, formerly known as
RACHELE KETTERER,

                        Plaintiff,

                                              C.A. No.:

                - v -

COMPANION LIFE INSURANCE COMPANY,

                        Defendant.

## DEFENDANT COMPANION LIFE INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1441 and 1446, Defendant, Companion Life Insurance Company

("Companion"), files this Notice of Removal of this case from the Superior Court in Danbury

County, State of Connecticut (the "State Court"), captioned *Rachele Ann Colantuono, formerly*

*known as Rachele Ketterer v. Companion Life Insurance Company*, Docket No. DBD-CV-19-

6032234-S (the "State Court Action"), to the United States District Court for the District of

Connecticut.  This case is removable pursuant to 28 U.S.C §§ 1331 and 1441(a), because

Plaintiff Rachelle Ann Colantuono's claims, in whole or in part, arise under the Employee

Retirement Income Security Act of 1974, *as amended*, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"),

thus supplying federal question jurisdiction.

### Background

1.      On or about July 10, 2019, Plaintiff commenced this action against Companion by

filing a Complaint in the State Court.

{W11341098.1}

2.      On July 18, 2019, Companion first received the Complaint and Summons.  True and correct copies of the Complaint and Summons as received by Companion, are attached collectively as Exhibit A.

3.      In the State Court Action, Plaintiff asserts counts against Companion for breach of contract (Count I) and breach of the covenant of good faith and fair dealing (Count II). Plaintiff seeks damages and attorneys' fees from Companion, in an unspecified amount.

4.      Upon information and belief, Plaintiff is an individual residing in Ridgefield, Connecticut.

5.      Companion is a life insurance company organized and existing under the laws of New York.

6.      Pursuant to Rule 6(a) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days of July 18, 2019, the date Companion first received the initial pleading upon which this action is based.  *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-56 (1999) (30-day removal period begins to run upon service of summons and complaint).

7.      The United States District Court for the District of Connecticut is the federal judicial district embracing the State Court where Plaintiff originally filed this suit.  Venue is therefore proper under 28 U.S.C. §§ 109 and 1441(a).

### Federal Question Jurisdiction

8.      Plaintiff's claims, in whole or in part, arise under ERISA.  *See* Ex. A, Complaint.

9.      Plaintiff in her Complaint alleges that her deceased spouse participated in a union-sponsored life insurance and/or death benefits policy (the "Group Policy").  *Id.* ¶¶ 8-10.  The

Group Policy was issued to the Chappaqua Congress of Teachers Benefit Fund for the benefit of employees of the Chappaqua Central School District. *Id.* ¶ 8; 10.

10.    The Group Policy is part of (1) a plan, fund, or program (2) established or maintained (3) by an employee organization (4) for the purpose of providing benefits in the event of sickness, accident, disability, or death (5) to participant employees or their beneficiaries. Accordingly, the Group Policy is part of an employee welfare benefit plan as defined by ERISA. *See* 29 U.S.C. §1002(1).

11.    Plaintiff claims entitlement to ERISA-regulated benefits in that she seeks to recover a death benefit allegedly owed to her under the Group Policy. *See* Ex. A, Complaint, at ¶¶ 18; 36.

12.    ERISA preempts all state law claims and provides exclusive remedies for resolution of claims by employee benefit plan participants and beneficiaries relating to an ERISA plan. *See* ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1); *see also Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 44–47 (1987).  A cause of action filed in state court which is preempted by ERISA and comes within the scope of ERISA § 502(a)(1)—such as this one—is removable to federal court under 28 U.S.C. § 1441(a) as an action arising under federal law even when the ERISA-related nature of the action does not appear on the face of the Complaint.  *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–67 (1987).  This is a long-standing exception to the well-pleaded complaint rule.  *See id.*

13.    This action is one over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e) in that the Plaintiff's claims arise under an ERISA-governed benefit plan and Plaintiff's claims come within the scope of ERISA § 502(a)(1), 29 U.S.C. § 1132(a)(1).  Pursuant to 28 U.S.C. §§ 1331 and 1441(a) and 29 U.S.C. §§ 1132(e) and

(f), this Court has original jurisdiction here without regard to the citizenship of the parties or the amount in controversy.  Therefore, Companion may remove this case to this Court.

### **Miscellaneous**

14.     Under 28 U.S.C. § 1446(b)(2)(A), all defendants that have been properly joined and served must join or consent to removal.  Companion is the only defendant named in the State Court Action.

15.     Written notice of the filing of this Notice of Removal will be given to the Plaintiff and, together with copies of its supporting papers, will be filed with the State Court as provided in 28 U.S.C. § 1446(d).

16.     Companion expressly reserves the right to raise any and all defenses that may be available to it in this action, including defenses of lack of personal jurisdiction, improper venue, and insufficiency of process.

17.     If any question arises as to the propriety of the removal of this action, Companion respectfully requests the opportunity to present a brief and oral argument in support of its position that this case is removable.

**WHEREFORE,** Companion Life Insurance Company, by and through counsel, and through the filing of this Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Notice of Removal with the clerk of the State Court, effects the removal of said civil action to this Honorable Court.

Dated:  August 6, 2019

Respectfully submitted,

**Companion Life Insurance Company,**

By its Attorneys,


/s/ *Brooks R. Magratten*
Brooks R. Magratten, Esq., # 27454
PIERCE ATWOOD LLP
One Financial Plaza, 26th Floor
Providence, RI 02903
(401) 588-5113 [Tel.]
bmagratten@pierceatwood.com


## CERTIFICATE OF SERVICE


I certify that I caused the foregoing document to be electronically filed on August 6, 2019, through the Court's CM/ECF system and that this document is available for viewing and downloading from the Court's CM/ECF system.  A copy of the foregoing Notice of Removal has been sent to plaintiff's counsel by email, with a hard copy being sent via U.S. Mail, postage prepaid, addressed as follows:

Michael K. Stanton, Jr.
Ferguson Cohen LLP
25 Field Point Road
Greenwich, CT 06830
mstanton@fercolaw.com


/s/ *Nicole M. Matteo____  ____*