# EXHIBIT A

## SUMMONS - CIVIL

JD-CV-1 Rev. 4-16
C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,
52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13

**See other side for instructions**

STATE OF CONNECTICUT
**SUPERIOR COURT**
www.jud.ct.gov

- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
- [ ] "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
- [ ] "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350) | Telephone number of clerk (with area code) | Return Date (Must be a Tuesday) |
|---|---|---|
| 146 White Street, Danbury, CT 06810 | ( 203 ) 207-8600 | July 30, 2019<br>Month / Day / Year |

| | | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349) | Case type code (See list on page 2) |
|---|---|---|---|
| [X] Judicial District    [ ] Housing Session    [ ] G.A. Number: | | Danbury | Major: **C**    Minor: **20** |

### For the Plaintiff(s) please enter the appearance of:

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code) | Juris number (to be entered by attorney only) |
|---|---|
| Michael K. Stanton, Jr., Ferguson Cohen LLP, 25 Field Point Road, Greenwich, CT 06830 | 305775 |

| Telephone number (with area code) | Signature of Plaintiff (if self-represented) |
|---|---|
| ( 203 ) 661-5222 | |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. [X] Yes [ ] No | Email address for delivery of papers under Section 10-13 (if agreed to) mstanton@fercolaw.com |
|---|---|

| Number of Plaintiffs: 1 | Number of Defendants: 1 | [ ] Form JD-CV-2 attached for additional parties |
|---|---|---|

| Parties | | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|---|
| First Plaintiff | Name: Address: | RACHELE ANN COLANTUONO, formerly known as RACHELE KETTERER<br>97 Old Sib Road, Ridgefield, CT 06877 | P-01 |
| Additional Plaintiff | Name: Address: | | P-02 |
| First Defendant | Name: Address: | COMPANION LIFE INSURANCE COMPANY<br>3316 Farnam Street, Omaha, NE 68175 | D-01 |
| Additional Defendant | Name: Address: | | D-02 |
| Additional Defendant | Name: Address: | | D-03 |
| Additional Defendant | Name: Address: | | D-04 |

### Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box) | [X] Commissioner of the Superior Court | Name of Person Signing at Left | Date signed |
|---|---|---|---|
| Mike K. St | [ ] Assistant Clerk | Michael K. Stanton, Jr. | 06/21/2019 |

| If this Summons is signed by a Clerk: | For Court Use Only |
|---|---|
| a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.<br>b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.<br>c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.<br>d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint. | File Date |

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|
| | | | |

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters)
   (b) Summary Process actions
   (c) Applications for change of name
   (d) Probate appeals
   (e) Administrative appeals

   (f) Proceedings pertaining to arbitration
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought
   (h) Entry and Detainer proceedings
   (i) Housing Code Enforcement actions

---

**ADA NOTICE**

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at *www.jud.ct.gov/ADA*.

---

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description | Major Description | Codes Major/Minor | Minor Description |
|---|---|---|---|---|---|
| Contracts | C 00 | Construction - All other | Property | P 00 | Foreclosure |
| | C 10 | Construction - State and Local | | P 10 | Partition |
| | C 20 | Insurance Policy | | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | C 30 | Specific Performance | | P 30 | Asset Forfeiture |
| | C 40 | Collections | | P 90 | All other |
| | C 90 | All other | | | |
| Eminent Domain | E 00 | State Highway Condemnation | Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | E 10 | Redevelopment Condemnation | | T 03 | Defective Premises - Private - Other |
| | E 20 | Other State or Municipal Agencies | | T 11 | Defective Premises - Public - Snow or Ice |
| | E 30 | Public Utilities & Gas Transmission Companies | | T 12 | Defective Premises - Public - Other |
| | E 90 | All other | | T 20 | Products Liability - Other than Vehicular |
| Miscellaneous | M 00 | Injunction | | T 28 | Malpractice - Medical |
| | M 10 | Receivership | | T 29 | Malpractice - Legal |
| | M 20 | Mandamus | | T 30 | Malpractice - All other |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) | | T 40 | Assault and Battery |
| | M 40 | Arbitration | | T 50 | Defamation |
| | M 50 | Declaratory Judgment | | T 61 | Animals - Dog |
| | M 63 | Bar Discipline | | T 69 | Animals - Other |
| | M 66 | Department of Labor Unemployment Compensation Enforcement | | T 70 | False Arrest |
| | M 68 | Bar Discipline - Inactive Status | | T 71 | Fire Damage |
| | M 70 | Municipal Ordinance and Regulation Enforcement | | T 90 | All other |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 | Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | M 83 | Small Claims Transfer to Regular Docket | | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | M 84 | Foreign Protective Order | | V 05 | Motor Vehicles* - Property Damage only |
| | M 90 | All other | | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| Housing | H 10 | Housing - Return of Security Deposit | | V 09 | Motor Vehicle* - All other |
| | H 12 | Housing - Rent and/or Damages | | V 10 | Boats |
| | H 40 | Housing - Audita Querela/Injunction | | V 20 | Airplanes |
| | H 50 | Housing - Administrative Appeal | | V 30 | Railroads |
| | H 60 | Housing - Municipal Enforcement | | V 40 | Snowmobiles |
| | H 90 | Housing - All Other | | V 90 | All other |
| | | | | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| | | | Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | | | | W 90 | All other |

JD-CV-1   Rev. 4-16 (Back/Page 2)

| | | |
|---|---|---|
| RETURN DATE:  JULY 30, 2019 | : | SUPERIOR COURT |
| | : | |
| RACHELE ANN COLANTUONO, formerly known as RACHELE KETTERER, | : | J.D. OF DANBURY |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | AT DANBURY |
| | : | |
| COMPANION LIFE INSURANCE COMPANY, | : | |
| | : | |
| Defendant. | : | JUNE 21, 2019 |

## COMPLAINT

Plaintiff RACHELE ANN COLANTUONO, formerly known as RACHELE KETTERER ("Plaintiff"), brings this action seeking damages against Defendant COMPANION LIFE INSURANCE COMPANY ("Companion" or "Defendant") arising out of: (1) Companion's violation of its agreement to provide life insurance coverage and benefits; and, (2) Companion's breach of its duty to the Plaintiff of good faith and fair dealing.

### Parties

1.      Plaintiff is an individual residing for the times herein mentioned at 97 Old Sib Road, Ridgefield, Connecticut 06877.  Plaintiff was the spouse of MATTHEW J. KETTERER ("the Decedent"); is now a widow; and, has two (2) children - River Lee Colantuono [DOB: June 19, 2015] and Wilder Grant Colantuono [DOB: July 6, 2017].

2.      Plaintiff was married to the Decedent on June 23, 2012.  The Decedent died by suicide on June 26, 2018.

3.      Companion is, and was for the times herein mentioned, an insurance company with its principal place of business in Omaha, Nebraska with an address of 3316 Farnam Street.

4.      For the times herein mentioned, Companion has operated a business in interstate commerce as an insurance carrier, which business included (but was not limited to) the advertising,

1

marketing, management, administration and sale of life insurance products.  Included among the life insurance products offered by Companion for the times herein mentioned were life insurance policies and coverage for individuals as procured by and through their employers.

5.     For the times herein mentioned, Companion held itself out as "A Mutual of Omaha Company."  Upon information and belief, Companion is an affiliated company, related entity and/or a subsidiary of Mutual of Omaha, an entity with its principal place of business located in Omaha, Nebraska.

6.     For the times hereinmentioned, Companion has engaged in multiple contracts with and for the residents of the State of Connecticut, including Plaintiff.

### Factual Allegations

7.     Companion is a national insurance carrier that transacts business, upon information and belief, throughout the United States.  More specifically, for the times herein mentioned, Companion has continually transacted business in the State of Connecticut.

8.     In connection with operating its business of providing life insurance benefits/coverage to individuals by and through policies issued to employers and/or benefit funds established for the benefit of employees, in or around February of 2012 Companion issued a policy of insurance providing life insurance and/or death benefits to the Chappaqua Congress of Teachers Benefit Fund as "Policyholder" (hereinafter, the "Chappaqua Benefit Fund" or "Policyholder").

9.     The policy issued ("the Policy") was assigned a Policy Number of GLCL-AKWL.

10.    The Policy was issued to the Chappaqua Benefit Fund and was obtained by the Chappaqua Benefit Fund for the benefit of employees of the Chappaqua Central School District ("the School District").

11.    The Policy, as revised on July 1, 2015, covered and/or was available to "All Eligible Members of the Chappaqua School District Employee Benefit Fund that are Teachers, Tenured

Teaching Assistants and Non-Tenured Teaching Assistants" as per the Group Term Life Insurance Summary of Coverage issued by Companion to the Chappaqua Benefit Fund for Policy GLCL-AKWL.

12. The Decedent began his employment with and by the School District in 2006 as a teacher.

13. The Decedent was an employee of the School District on a continual basis from the time he began his employment through the date of his death in June of 2018.

14. Upon information and belief, all payments required to be paid by the Policyholder to Companion in consideration of and for the Policy were remitted on a timely basis as necessary for coverage to be provided.

15. At the time of his death in June of 2018, the Decedent was an insured person as an employee of the School District as a "Tenured Teacher."

16. At the time of his death, the Decedent was on paid administrative leave with the School District.

17. At the time of Decedent's death, Plaintiff was the designated beneficiary for the Policy maintained with respect to the coverage applicable to the Decedent.

18. The death benefit payable and due upon the death of the Decedent as payable to Plaintiff was $50,000.

19. Following Decedent's passing, a claim was made by Plaintiff through the Chappaqua Benefit Fund for life insurance benefits under the Policy. A Claim Number of 10150792 was assigned to that claim for life insurance benefits payable to the Plaintiff ("the Claim").

3

20.     In correspondence dated September 23, 2018, despite Decedent's status as a Tenured Teacher and employee of the School District, Companion denied the Claim on the grounds that Decedent was not "Actively Working" for the School District.

21.     In the September 23, 2018 denial of the Claim ("the Denial"), a 60-day period from receipt of it was set as the filing deadline of any appeal of the Denial.

22.     An extended appeal deadline of December 31, 2018 was established by agreement.

23.     On December 31, 2018, a timely appeal of the Denial was submitted.  A copy of the Appeal letter ("the Appeal") is annexed herewith as Exhibit "A."  A supplemental submission was made by letter dated January 17, 2019.  See copy attached as Exhibit "B."

24.     Neither Decedent nor Plaintiff received notice of any type whatsoever required by Companion as to the Policy in place as to the Decedent as it relates to the purported ineligibility of the Decedent and/or any available options as to coverage and/or life insurance benefits.

25.     In the Denial, Defendant advised Plaintiff that:

> "The Policyholder is *required to notify You when insurance under the Policy ends* if: a) You cease to be eligible for insurance under the Policy; or b) the Policy is discontinued and is not replaced by another policy or plan with no interruption in coverage. *Notice shall be provided within 15 days from the date of insurance ends for you* and *shall include* information about any options available to continue or obtain insurance." [Emphasis Added] (Note the mandatory nature of the language herein – "required to notify;" "Notice shall be provided" which "shall include" the options available to the insured person.)

26.     Further, the Denial states as follows with respect to the issue of "Actively Working:"

> "The policy defines Actively Working, Active Work as an Employee is performing the normal duties of his or her regular job for the Policyholder on a regular and continuous basis 20 or more hours each week.  An Employee will be considered to be actively working on any day that is a regular paid holiday or day of vacation, or regular or scheduled non-working day, provided the Employee was actively working on the last preceding regular work day."

4

27.    Lastly, the Denial states as follows in language that clearly pre-supposes and relies on the premise that proper notice had been given:

> "Since Matthew was no longer actively working as of 6/23/2017, he was also no longer eligible for life insurance coverage as of 6/23/2017.   To continue his coverage at that time, Matthew would have needed to convert his coverage, but unfortunately he did not.   Since Matthew is no longer actively working at the time of his death and did not convert his coverage, he did not have active life insurance in effect when he passed away and thus no benefits are payable."

28.    The delivery and supply of due and proper notice to Decedent and/or to Plaintiff was a condition precedent to Companion properly denying eligibility and coverage for the life insurance benefits sought/at issue herein.

29.    Companion lacks any records whatsoever demonstrating that the Decedent (and/or the Plaintiff) was advised of any claimed lapse in eligibility for coverage for the life insurance benefits sought – there being no communications whatsoever from Companion to the Policyholder, to Decedent and/or to Plaintiff with respect to the issue of eligibility.

30.    In signing and submitting the necessary underlying Proof of Death Claim Form seeking benefits payable to Plaintiff for the passing of the Decedent, the Policyholder ratified and recognized the Decedent's eligibility for the life insurance benefits in question and acted entirely consistent with the reality that the Decedent was eligible for the benefits sought and was never advised or given notice that he was purportedly ineligible for such benefits - understanding and recognizing that the condition precedent necessary for Companion to decline coverage had not been met, that is, the condition precedent of notice.

31.    Companion maintains and possesses no documents or competent proof to support the position that valid notice had been provided to the Decedent.

## COUNT I

### (Breach of Contract)

1-31.   As and for Paragraphs 1 through 31 of this Count, Count I, Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 31 above as if set forth fully herein.

32.   Commencing in and around 2006, and continuing through June of 2018, in consideration of premiums as due and payable to Companion from the Chappaqua Benefit Fund, Companion promised to provide life insurance coverage for employees of the School District, including for Decedent.

33.   The Decedent and the Plaintiff (as the designated beneficiary) were third-party beneficiaries of the contract entered into as noted above.

34.   In exchange for the payment of premiums due, which were duly remitted, Companion agreed to provide a life insurance benefit to the Defendant's beneficiary in the amount of $50,000.

35.   At the time of the Decedent's death, the Policy was in full effect and all premiums due were fully paid.

36.   On June 26, 2018, while the Policy was in force, the Decedent (as a duly insured party) died in such circumstances as to come within the undertaking of the Policy and to render Companion liable to pay to Plaintiff as beneficiary the sum of $50,000.

37.   As set forth herein, Plaintiff and/or the Chappaqua Benefit Fund gave the Defendant the required notice of death and submitted the Claim seeking the benefit funds due and met all of the conditions necessary for payment to be made to Plaintiff as beneficiary.

6

38.     Companion, on the other hand and for its part, failed to meet the conditions that notice be given to the Decedent (and/or to Plaintiff) of the supposed/claimed lack of eligibility that formed the basis for the Denial.

39.     Plaintiff has met the necessary conditions and has demanded the payment due but Companion has refused to pay the Plaintiff.

40.     Based on the foregoing, Companion has breached its agreement to provide coverage for Decedent and to pay the benefits due to Plaintiff.  As a result, Plaintiff has been damaged.

## COUNT II

### (Breach of Covenant of Good Faith & Fair Dealing)

1-40.   As and for Paragraphs 1 through 40 of this Count, Count II, Plaintiff repeats, reiterates and realleges the allegations set forth in Paragraphs 1 through 40 of Count I above as if set forth fully herein.

41.     In the agreement between Companion and the Policyholder, of which Plaintiff is a third-party beneficiary, there is an implied a covenant of good faith and fair dealing.

42.     Companion and the Policyholder were parties to a contract under which Plaintiff, as the designated beneficiary, reasonably expected to receive life insurance benefits.

43.     By denying the benefits owed to Plaintiff under the contract, Companion injured the Plaintiff's rights to receive the benefits she reasonably expected to receive.

44.     Companion breached the covenant of good faith and fair dealing by refusing to perform its duty to provide Plaintiff with the specified life insurance benefits, the conditions for same having been met by Plaintiff.

7

45.     As a result of Companion's violation of the implied covenant of good faith and fair dealing contained in the Policy's contract, Plaintiff is entitled to damages in an amount to be proved at trial.

WHEREFORE, Plaintiff respectfully requests that this Court:

1.     Enter judgment for plaintiff on Courts I-II of the Complaint;

2.     Award monetary damages and attorneys' fees to Plaintiff in amount to be proved at trial against Companion Life Insurance Company under Count I of the Complaint;

3.     Award money damages to Plaintiff in an amount to be proved at trial against Defendant Companion Life Insurance Company under Count II of the Complaint;

4.     Award Plaintiff her costs, and statutory interest incurred in connection with this action; and,

5.     Award Plaintiff such other and further relief as the Court deems just and proper.

PLAINTIFF
RACHELE ANN COLANTUNO, formerly
known as RACHELE KETTERER

Michael K. Stanton, Jr. (ct08916)
FERGUSON COHEN LLP
25 Field Point Road
Greenwich, Connecticut 06830
Tel.: (203) 661-5222
Fax: (203) 661-1197
Email: mstanton@fercolaw.com

8

RETURN DATE:   JULY 30, 2019                    :                SUPERIOR COURT

                                                :

RACHELE ANN COLANTUONO, formerly                :

known as RACHELE KETTERER,                      :                J.D. OF DANBURY

                                                :

             Plaintiff,                         :

                                                :

        v.                                      :                AT DANBURY

                                                :

COMPANION LIFE INSURANCE COMPANY,               :

                                                :

             Defendant.                         :                JUNE 21, 2019

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand is in excess of Fifteen Thousand and 00/100 ($15,000) Dollars

exclusive of interest and costs.

PLAINTIFF
RACHELE ANN COLANTUNO, formerly
known as RACHELE KETTERER


Michael K. Stanton, Jr.
FERGUSON COHEN LLP
25 Field Point Road
Greenwich, Connecticut 06830
Tel.: (203) 661-5222
Fax: (203) 661-1197
Email: mstanton@fercolaw.com

**EXHIBIT A**

# FERGUSON COHEN LLP

*Attorneys at Law*
**25 Field Point Road**
**Greenwich, Connecticut 06830**
Telephone: (203) 661-5222
Facsimile: (203) 661-1197

*www.fercolaw.com*

John J. Ferguson †
Stuart M. Cohen*
Timothy J. Joyce †
Gerard M. Wrynn †
Sheila T. Murphy † †
Michael K. Stanton, Jr. †
J. Lincoln Hallowell †
Kenneth J. Aufsesser*
*Associates*
Daniel H. Walsh †

*Of Counsel*
Peter C. Schaumber ****
John E. Meerbergen***
Alan D. Berlin*
Rick M. Capozza †
Bryan J. Farrell*
Jennifer Graziano***
Jo-Anne Herina Jeffreys ††††
Patrick Loftus**
Kenneth Padgett*
Kenneth G. Walsh*
\*   Admitted in NY Only
† †  Admitted in CT, NY & FL
†††  Admitted in FL & NY
*** Admitted in CT Only

†     Admitted in CT & NY
**   Admitted in NY & NJ
††††  Admitted in FL, NY, NJ, DC Bars
****Admitted in DC and VA

December 31, 2018

**VIA E-MAIL, FACSIMILE & 1ˢᵗ CLASS MAIL**
**bobbi.burns-bierwirth@mutualofomaha.com**
**Fax No. (402) 351-8535**
Companion Life Insurance Company
Mutual of Omaha
8-Group Life Claims
3316 Farnam Street
Omaha, Nebraska 68175-5102
Attention:     Bobbi Burns-Bierwirth
                     Senior Appeals Specialist
                     Claims Appeals Support Services

Companion Life Insurance Company
Group Life Claims
3316 Farnam Street
Omaha, Nebraska 68175

>          Re:     **MATTHEW J. KETTERER - APPEAL OF DENIAL OF BENEFITS**
>                   ***Date of Death: 6/26/18***
>                   ***Claim Policy No. GLCL-AKWL***
>                   ***Claim No. 10150792***

Dear Ms. Burns-Bierwirth:

As noted in our letter of representation, our firm represents Rachele Ketterer, Executor of the Estate of Matthew J. Ketterer (the "Decedent"). A copy of our letter of representation dated October 10, 2018 is provided for your reference. We take this opportunity to file this APPEAL from the Declination and Denial of Benefits of September 23, 2018 made by Companion Life Insurance Company (a Mutual of Omaha Company). The deadline to submit this APPEAL was extended to December 31, 2018. A copy of your letter dated November 19, 2018 fixing that extended date is enclosed.

*1 North Lexington Avenue, Suite 701, White Plains, New York 10601 (914) 397-2400 Facsimile (914) 437-6354*
*500 Fifth Avenue, Suite 526, Naples, Florida 34102  (239) 302-2768*
*66 Newtown Lane, East Hampton,  New York 11937 (631) 324-4377*

Page 2
December 31, 2018

### Background

In a letter dated September 23, 2018, Companion Life Insurance Company ("Companion" or "the Carrier") denied the claim made by Ms. Ketterer for life insurance benefits following the death of her husband on June 26, 2018. In the letter, Companion takes the position that Mr. Ketterer was not entitled to the coverage sought inasmuch as he "was no longer eligible for life insurance coverage as of 6/23/2017."

In our letter of October 10, 2018, we requested a copy of the underlying policy [Group Policy Number GLCL-AKWL]. We additionally sought proof of notification to the Decedent and/or to or from the Policyholder - the Chappaqua Central School District - as to when the insurance under the Policy purportedly ended, and/or when the Decedent's eligibility for coverage allegedly expired. Further, in addition to the Policy and proof of notification noted above, we requested that the Carrier provide the following:

- A copy of the entire claim file maintained by Mutual of Omaha/Companion with respect to the Decedent noted, the claim number noted and the policy for all the noted;

- All other documents relevant to the claim including, but not limited to, correspondence directed to the Decedent as to the requirements of the policy, notification as to its limitations, and/or material distributed as to the parameters of the policy and its coverage; all other communications relevant to and relating to the above-noted policy directed to the Decedent and/or to Rachele Ketterer with respect to Mr. Ketterer's eligibility for coverage based upon his employment status with the Town of Chappaqua/Chappaqua School District from January 1, 2017 through June 30, 2018;

- Documents which reflect/establish the definition utilized for "actively working" as noted in the September 23, 2018 letter;

- All communications and correspondence regarding the Decedent's Policy directed to his Employer; and,

- All other documents not specifically referenced above which form the basis for the denial of the claim made.

On or about November 19, 2018, the Carrier disclosed the Claim File in response to the inquiries made. The material requested having been provided, the chain of events leading up to this APPEAL is clear. Equally clear is the lack of the notice required.

Page 3
December 31, 2018

Following the Decedent's passing, the required "Proof of Death Claim Form" was filed <u>by the Policyholder</u>. It properly reflects the date of death; lists the operative Group Policy Number of G0008KWL; and, identifies the Policyholder as "Chappaqua Central School District." It was signed by Jacqueline Silipigni as the authorized representative of the Policyholder/the School District, thus endorsing that as far as the Policyholder was concerned, the Decedent was fully eligible for the benefit sought, no notice to the contrary having been generated by them.

The Policy was also provided in the disclosure made. It identifies, again, the Carrier as Companion Life Insurance Company with an address of Mutual of Omaha Plaza in Omaha, NE 68175. In connection with that policy, there are a series of schedules set forth therein. Of note, in the "Eligibility" Schedule, the following appears:

**WHEN AN EMPLOYEE BECOMES ELIGIBLE FOR INSURANCE**

An Employee who is Actively Working on the Policy Effective Date becomes eligible for insurance under the Policy on the Policy Effective Date.

An Employee who is hired after the Policy Effective Date becomes eligible for insurance under the Policy on the day the Employee begins Active Work.

The day on which an Employee becomes eligible for insurance under the Policy may not be the same as the day on which insurance begins. The When Insurance Begins provision describes the day on which insurance begins.

Further, Companion disclosed a "Group Term Life Insurance Summary of Coverage." In it, the following language appears:

**When Employee Insurance Ends**

Insurance will end on the earliest of the day:

- the Policy terminates;
- You are no longer Actively Working;
- You do not satisfy any other eligibility conditions described in the Certificate;
- any applicable premium contribution is due and unpaid; or
- You enter the Armed Forces, National Guard of Reserves of any state or country on full-time active duty (except for temporary active duty of two weeks or less).

<u>Denial</u>

Companion denied coverage and declined to pay the benefit due under the Policy. The September 23, 2018 Denial states, in part, as follows:

Page 4
December 31, 2018

"The Policyholder is *required to notify You when insurance under the Policy ends* if: a) You cease to be eligible for insurance under the Policy; or b) the Policy is discontinued and is not replaced by another policy or plan with no interruption in coverage. *Notice shall be provided within 15 days from the date of insurance ends for you* and *shall include* information about any options available to continue or obtain insurance." [Emphasis Added] (Note the mandatory nature of the language herein – "required to notify;" "Notice shall be provided" which "shall include" the options available to the insured person.)

The Denial additionally states as follows with respect to the issue of "Actively Working:"

The policy defines Actively Working, Active Work as an Employee is performing the normal duties of his or her regular job for the Policyholder on a regular and continuous basis 20 or more hours each week. An Employee will be considered to be actively working on any day that is a regular paid holiday or day of vacation, or regular or scheduled non-working day, provided the Employee was actively working on the last preceding regular work day.

Lastly, the Denial states as follows, <u>pre-supposing</u> that proper notice had been given:

"Since Matthew was no longer actively working as of 6/23/2017, he was also no longer eligible for life insurance coverage as of 6/23/2017.  To continue his coverage at that time, Matthew would have needed to convert his coverage, but unfortunately he did not.  Since Matthew is no longer actively working at the time of his death and did not convert his coverage, he did not have active life insurance in effect when he passed away and thus no benefits are payable."

### Argument/Grounds for Appeal

A careful review of the documents available has been undertaken.  The Companion Claim File is void of any showing whatsoever that the Decedent was advised of his supposed lapse and/or lack of eligibility for coverage - there appearing no communications whatsoever from the Policyholder or Companion to the Decedent with respect to the issue of eligibility – particularly as that eligibility relates to the June 23, 2017 supposed "last day of work," thus forming the basis for a conclusion by Companion that the Decedent was not actively working.

Rather than a pattern of behavior that would tend to support the argument that the Decedent was not eligible for coverage, the Policyholder (by and through its designated representative) acted entirely consistent with coverage being effective; with coverage being in place; and, with coverage being ready to access.  That is, the Policyholder - in signing and submitting the Proof of Death Claim Form - specifically endorsed and ratified the Decedent's eligibility for coverage and acted entirely consistent with the reality that the Decedent <u>was</u> eligible by seeking payment on his behalf.

Page 5
December 31, 2018

Certainly, had the Policyholder issued the necessary notice referenced above to the effect that the Decedent was not eligible, then the Policyholder would not have filed the Proof of Death Claim, thus *actively applying for* the benefit and acting in a way wholly inconsistent with a lapse of coverage, or ineligibility.

Additionally, the Chappaqua Central School District specifically recognized that the Decedent's resignation would be "effective close of business on June 30, 2018" – that is, after his death. [Emphasis Added]  See Stipulation of Settlement provided, SED File No.: 31,702, page 2, para. 1.  In it, the Decedent is referred to as "Employee."  See Stipulation, at page 6.

A review of the available documents relating to the issue of the Policy and the specific life insurance benefit as noted herein reveal no communications whatsoever made by the Policyholder (the Chappaqua Central School District) to the Decedent with respect to this policy in any way whatsoever.

No such relevant - and critically material - communications as to the required notice having been located; no communications being available; and/or, no such communications being subject to production which would demonstrate that the Decedent was appropriately advised of the claimed lack of eligibility for coverage or that he was advised of the options available to him in connection therewith, it is fundamentally unjust, inequitable, illegal and baseless to have denied the coverage at issue.

Rachele Ketterer is a widow with two children under the age of four years old.  The trauma, anguish, injury, and pain inflicted upon them by way of the Decedent's passing (and its specific circumstances) are incalculable.  To put it plainly, there is no way to describe it fully or convey it in a way that adequately recognizes the scope of their collective injury.  To add further insult to that injury now, by claiming that coverage is not available because notice was given when it simply was not, cannot be permitted to stand.

Based on the foregoing, we respectfully request that Companion reconsider its Denial and award the benefits due under the Policy to Ms. Ketterer.

Very truly yours,

*Mike K. Stul*

Michael K. Stanton, Jr.

MKS/elg
Enclosures

cc:     Rachele Ketterer

        Jarod M. Ashley (Claim Analyst, Group Life)
        jarod.ashley@mutualofomaha.com

**EXHIBIT B**

# FERGUSON COHEN LLP

John J. Ferguson †
Stuart M. Cohen*
Timothy J. Joyce †
Gerard M. Wrynn †
Sheila T. Murphy † †
Michael K. Stanton, Jr. †
J. Lincoln Hallowell †
Kenneth J. Aufsesser*

*Associates*
Daniel H. Walsh †

*Attorneys at Law*
**25 Field Point Road**
**Greenwich, Connecticut 06830**
Telephone: **(203) 661-5222**
Facsimile: **(203) 661-1197**

*www.fercolaw.com*

*Of Counsel*
Peter C. Schaumber ****
John E. Meerbergen***
Alan D. Berlin*
Rick M. Capozza †
Bryan J. Farrell*
Jennifer Graziano***
Jo-Anne Herina Jeffreys ††††
Patrick Loftus**
Kenneth Padgett*
Kenneth G. Walsh*
  *   Admitted in NY Only
  † †   Admitted in CT, NY & FL
  †††  Admitted in FL & NY
  *** Admitted in CT Only

  †      Admitted in CT & NY
  **    Admitted in NY & NJ
  ††††  Admitted in FL, NY, NJ, DC Bars
  ****Admitted in DC and VA

January 17, 2019

**VIA E-MAIL, FACSIMILE & 1st CLASS MAIL**
**bobbi.burns-bierwirth@mutualofomaha.com**
**Fax No. (402) 351-8535**

Companion Life Insurance Company
Mutual of Omaha
8-Group Life Claims
3316 Farnam Street
Omaha, Nebraska 68175-5102

Attention:      Bobbi Burns-Bierwirth
                Senior Appeals Specialist
                Claims Appeals Support Services

Companion Life Insurance Company
Group Life Claims
3316 Farnam Street
Omaha, Nebraska 68175

Re:      *MATTHEW J. KETTERER - APPEAL OF DENIAL OF BENEFITS*
         *Date of Death: 6/26/18*
         *Claim Policy No. GLCL-AKWL*
         *Claim No. 10150792*
         *Supplemental Submission*

Dear Ms. Burns-Bierwirth:

Supplementing our Appeal Submission dated December 31, 2018, we offer the following on behalf of Rachele Ketterer, Executor of the Estate of Matthew J. Ketterer (the "Decedent"). This Supplemental Submission relates to the Declination and Denial of Benefits dated September 23, 2018 made by Companion Life Insurance Company (a Mutual of Omaha Company) and is respectfully submitted in addition to the previously submitted Appeal - new, relevant information recently becoming available.

*1 North Lexington Avenue, Suite 701, White Plains, New York 10601 (914) 397-2400 Facsimile (914) 437-6354*
*500 Fifth Avenue, Suite 526, Naples, Florida 34102 (239) 302-2768*
*66 Newtown Lane, East Hampton, New York 11937 (631) 324-4377*

Page 2
January 17, 2019

### Background

For a statement of the relevant background herein, you are respectfully referred to the Appeal Submission dated December 31, 2018.

### Denial

As noted in the December 31, 2018 Appeal Submission, Companion denied coverage and declined to pay the benefit due under the Group Life Insurance Policy at issue.  The September 23, 2018 Denial states, in part, as follows:

> "The Policyholder is *required to notify You when insurance under the Policy ends* if: a) You cease to be eligible for insurance under the Policy; or b) the Policy is discontinued and is not replaced by another policy or plan with no interruption in coverage. *Notice shall be provided within 15 days from the date of insurance ends for you* and *shall include* information about any options available to continue or obtain insurance." [Emphasis Added] (Note the mandatory nature of the language herein – "required to notify;" "Notice shall be provided" which "shall include" the options available to the insured person.)

> The Denial additionally states as follows with respect to the issue of "Actively Working:" The policy defines Actively Working, Active Work as an Employee is performing the normal duties of his or her regular job for the Policyholder on a regular and continuous basis 20 or more hours each week.  An Employee will be considered to be actively working on any day that is a regular paid holiday or day of vacation, or regular or scheduled non-working day, provided the Employee was actively working on the last preceding regular work day.

> Lastly, the Denial states as follows, <u>pre-supposing</u> that proper notice had been given: "Since Matthew was no longer actively working as of 6/23/2017, he was also no longer eligible for life insurance coverage as of 6/23/2017.  To continue his coverage at that time, Matthew would have needed to convert his coverage, but unfortunately he did not.  Since Matthew is no longer actively working at the time of his death and did not convert his coverage, he did not have active life insurance in effect when he passed away and thus no benefits are payable."

### Argument/Grounds for Appeal

As we noted in the Appeal Submission, a careful review of the documents available has been undertaken.  The Companion Claim File is void of any showing whatsoever that the Decedent was advised of his supposed lapse and/or lack of eligibility for coverage - there appearing <u>no communications whatsoever</u> from the Policyholder School District or from Companion to the Decedent with respect to the issue of eligibility – particularly insofar as that eligibility relates to the June 23, 2017 supposed "last day of work," thus forming the basis for a conclusion by Companion that the Decedent was not "Actively Working."

Page 3
January 17, 2019


We take this opportunity, in this Supplemental Submission, to advise Companion/Mutual of Omaha that on January 9, 2019 a review of the documents maintained in the possession of the New Canaan, CT Police Department ("NCPD") was undertaken.  On January 9, 2019, *for the first time*, those documents secured by the NCPD (while they were investigating the death of Matthew Ketterer, which took place in New Canaan, CT) were made available for inspection.  The only documents among the items retained by the NCPD in the course of its investigation are contained in a blue, three-ring binder.  A careful review of that binder - that is, a careful page-by-page/item-by-item review of its entire contents - reflects that it contains no documents whatsoever relating to the Policy in question or the benefits sought here.

More specifically, in that binder there can be found no notices or communications of any kind from the Policyholder with respect the Policy at issue here.  In that binder, as well as in all other documents and materials possessed by our client, there are no documents whatsoever that would constitute the required notice to the Decedent as to his ineligibility for Group Life Coverage, or advice as to the options that may be available to him at that time – that is, June of 2017.  Accordingly, it is clear that  no communications whatsoever were made or transmitted  by the Policyholder to the Decedent with respect to this policy in any way whatsoever.

As we argued on behalf of our client in the Appeal, no such critically relevant communications as to the required notice having been located; and, no such communications being available that would demonstrate that the Decedent was appropriately advised of the claimed lack of eligibility for coverage, or that he was advised of the options available to him in connection therewith, it is fundamentally unjust, inequitable, illegal and baseless to have denied the coverage at issue.

Based on the foregoing, we respectfully request that Companion reconsider its Denial and award the benefits due under the Policy to Ms. Ketterer.

Very truly yours,

Michael K. Stanton, Jr.

MKS/elg

cc:    Rachele Ketterer

Jarod M. Ashley (Claim Analyst, Group Life)
jarod.ashley@mutualofomaha.com

Diane Quinones
Diane.Quinones@mutualofomaha.com